UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　'O'

| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Alex Lowdery | Debra Cook |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS AND STRIKE PORTIONS OF THE COMPLAINT (Dkt. [ 18 ], filed January 21, 2020)

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS (Dkt. [ 19 ], filed January 21, 2020)

## I. INTRODUCTION

On October 25, 2019, plaintiff Mohamed Seirafi filed this civil rights action against defendants City of Riverside (the "City"); City Councilmember James Perry ("Councilmember Perry"); and Does 1 through 20. Dkt. 1 ("Compl."). Plaintiff alleges three claims for relief under 42 U.S.C. § 1983. Against Councilmember Perry, plaintiff alleges denial of Equal Protection and supervisorial liability. Plaintiff brings a claim under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978) against the City.

On January 21, 2020, defendants filed the instant motion to dismiss plaintiff's complaint; motion to strike portions of the complaint; or alternatively, request for a more definitive statement. Dkt. 18 ("Mot."). On February 3, 2020, plaintiff filed an opposition. Dkt. 20 ("Opp."). Defendants replied on February 10, 2020. Dkt. 21.

The Court held a hearing on February 24, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

## II.    BACKGROUND

In March 2012, plaintiff submitted an application to the City for entitlements related to a gas station on the property located at 3280 La Sierra Avenue, Riverside, California (the "Project"). Compl. ¶ 11. The Project was a high-density senior housing complex containing 258 units, and was scheduled to be presented to the City's Planning Commission in 2013. Id. ¶¶ 3, 11. However, before the Project went to the Planning Commission, Councilmember Perry was elected to represent Ward 6 of the City, and "immediately inserted himself into the Project approval process" by requiring a meeting to discuss the Project. Id. ¶ 12. At the meeting, without explanation, Councilmember Perry insisted that several changes be made to the Project, including (1) a reduction in size from four to three stories and from 258 to 199 units; (2) the addition of a one-acre park that plaintiff was required to maintain and provide indemnification for the City's public use; and (3) a development agreement making plaintiff's original entitlement contingent upon the above conditions. Id. ¶¶ 13-14. Councilmember Perry directed City staff to "ensure that the Project conformed" and if the Project did not meet the conditions, it would not be allowed to proceed. Id. ¶ 14.

After the meeting, the City provided plaintiff with a simple, boilerplate development agreement, but then at Councilmember Perry's behest, "abruptly abandoned the original agreement" and gave plaintiff a more extensive "one-sided" agreement. Id. ¶ 15. Plaintiff believes the agreement is the first of its kind to be required by the City in "nearly 20 years." Id. In an attempt to accelerate the approval process, plaintiff paid $12,000 to have development agreement reviewed, but made no further progress. Id.

In June 2017, plaintiff hired an attorney to assist in his negotiations over the development agreement with the City. Id. ¶ 16. During these negotiations, Councilmember Perry "steadfastly refused" to approve a site plan, which was necessary to move the plan forward with the City's Planning Department. Id. Councilmember Perry did, however, approve a site plan in July 2018. Id.

In October 2017, plaintiff discovered that the City had adopted Resolution 23235, which included the City's Housing Element for 2014-2021. Id. ¶ 17. Notably, the Resolution had omitted the Project. Id. Plaintiff alleges that the Housing Element included "other similar high-density projects" which effectively allowed those projects to bypass certain planning and zoning approvals. Id. Plaintiff alleges that by "intentionally omitting" the Project and "treating it differently" the Project's status would remain indeterminate. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

In "early 2019" the City's Planning Director informed plaintiff that the site plan that was previously agreed upon in July 2018 was no longer viable. Id. ¶ 18. With the assistance of his son, plaintiff met with Councilmember Perry and the City Planning staff to work out a new site plan. Id. Plaintiff alleges that Councilmember Perry refused to agree to a new site plan, in particular, the location of the public park. Id. It was at this point that plaintiff realized his Project was being singled out. Id.

Upon further investigation, plaintiff discovered the existence of "several other projects" that had gained City approval with no interference from Councilmember Perry or the other City Councilmembers. Id. ¶ 19. Included in the projects approved by the City was a May 2014 project called the "Metro Gateway Apartments," a four-story, high-density project that was approved without a public park or development agreement requirement. Id. Notably, the Metro Gateway Apartments project was situated outside of Councilmember Perry's ward. Id.

On August 16, 2019, plaintiff and his family sent a letter to the City Attorney, the City's Mayor, the City Councilmembers, the City Manager, and the City Planner "setting forth the basis for their frustration and a demand for action." Id. ¶ 20. Despite this letter, plaintiff alleges "[t]he City has refused to take responsibility or move forward with the approval process for the project. . . ." Id.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 5:19-cv-02054-CAS(KKx) | | Date | February 24, 2020 |
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | | |

the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendants first contend that this Court does not have jurisdiction over plaintiff's claims because he lacks standing and his claims are not yet ripe for judicial review. Mot. at 16-19. Second, defendants argue that all of plaintiff's claims are time-barred. Id. at 19-21. Third, defendants argue that because plaintiff's section 1983 claims fail against Councilmember Perry, his Monell claim also fails. Id. at 21-24. Finally, defendants request that plaintiff's prayer for punitive damages against the City be stricken. Id. at 25.

### A. This Court Has Jurisdiction Over Plaintiff's Claims

#### 1. Standing

Under Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873.

Defendants argue that plaintiff fails to meet any of the three required elements to establish standing. Mot. at 17-18. First, defendants contend that plaintiff's only alleged injury is a "self-imposed" delay in receiving his Project approval, and has therefore failed to adequately allege injury in fact. See id. at 17, n. 2. However, plaintiff alleges more than just a delay: he alleges lost income and profits, lost business opportunities, and loss of reputation. See Opp. at 7 (citing Compl. ¶¶ 30, 36, 42). Defendants also argue that this Court cannot redress plaintiff's injury, and that plaintiff's sole remedy would be to refile his applications to gain approval for the Project. See Mot. at 17, n. 1. Again, because plaintiff is alleging more than just a delay, it is plausible that his other injuries could be redressed by a damages award.

The heart of defendants' standing argument concerns the issue of a causal link between the alleged injury and the actions of Councilmember Perry. See Mot. at 17-18. Defendants contend no such link exists because Councilmember Perry lacked the legal authority to withhold approval of the Project or otherwise prevent plaintiff from seeking relief from the City Planning Commission or City Council. See Mot. at 17-18. To support this, defendants cite several portions of the City Ordinance and City Charter that impose certain limitations on City Councilmembers and other City employees. See id. at 11-13, 17-18; see also Dkt. 19 (Request for Judicial Notice). However, the crux of plaintiff's complaint is that Councilmember Perry acted *outside* the bounds of the City Ordinance and City Charter by acting directly and indirectly to halt the Project. See Opp. at 8. For instance, the complaint alleges that Councilmember Perry directly interfered with the Project requiring meetings to negotiate terms that would not ordinarily be required of a similar project. Compl. ¶¶ 12-13. The complaint also alleges that Councilmember Perry directed City staff members (over whom defendants agree he had no direct authority over) to ensure compliance with the terms he desired to impose. Id. ¶ 14. Accordingly, plaintiff has standing to assert his section 1983 claims.

### 2. Ripeness

Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967); accord, Ohio Forestry Ass'n v. Sierra Club, 523 U.S. 726, 732-33 (1998). The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Social Servs., Inc., 509 U.S. 43, 57, n. 18 (1993) (citations omitted).

In the context of land use, a claim is ordinarily not ripe until there has been a "final decision by the government which inflict[ed] a concrete harm upon the plaintiff landowner." Herrrington v. County of Sonoma, 857 F.2d 567, 568 (9th Cir. 1988). However, as plaintiff and defendants both agree, an exception to this general rule was carved out for claims involving the permitting process in Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822 (9th Cir. 2003). In Carpinteria, the plaintiff sought to develop land he owned in Santa Barbara County, but before he could gain approval, the County required that he apply for several conditional use permits. Id. at 826. After several failed attempts to gain the necessary permits, he sued the County for violations of his civil rights, alleging that the County had imposed arbitrary conditions that were not required of similarly situated projects. Id. The district court dismissed "most" of the plaintiff's claims as time-barred; however, the court also dismissed the claims that were not time-barred as not ripe for judicial review. Id. at 827. On appeal, the Ninth Circuit reversed the dismissals based on ripeness, distinguishing cases involving the permitting process from cases involving an "as applied" takings challenge. Id. at 830-31. Despite the lack of a final agency action that would ordinarily be required for an "as applied" takings claim, the Carpinteria court held that plaintiff's claims pertaining to the permitting process were "separate claims supported by allegations of discrete constitutional violations." Id. at 829. Accordingly, "in limited and appropriate circumstances, claims under 42 U.S.C. § 1983 concerning land use may proceed even when related Fifth Amendment "as applied" taking claims are not yet ripe for adjudication." Id. at 830 (citing Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1233, 1238-41 (9th Cir. 1994)).

Here, defendants argue that even under Carpinteria, plaintiff has failed to demonstrate that his claims are ripe for review because he never sought a final decision from the City Planning Commission or City Council. Mot. at 19. Defendants further attempt to distinguish Carpinteria by noting that plaintiff has not "been denied the use of his property" and has not incurred any fees. Id. Essentially, defendants argue that the alleged harm is solely due to plaintiff's "own personal preferences on seeking land use approval." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

Defendants' attempts to distinguish <u>Carpinteria</u> are unavailing. While defendants argue that plaintiff has not been denied the use of his property, that is not the proposition for which <u>Carpinteria</u> stands. Plaintiff's alleged harm—delays arbitrarily caused by Councilmember Perry—are not self-inflicted, and "even if [the City] relented today and issued all of the permits [plaintiff] applied for, he still would have been injured by the treatment he allegedly received and which caused him harm." <u>Carpinteria</u>, 822 F.3d at 830. Accordingly, plaintiff's section 1983 claims are ripe for judicial review.

### B. Statute of Limitations

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." <u>Knox v. Davis</u>, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (citing <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985)). For personal injury claims in California, the statute of limitations is two years. Cal. Civ. Proc. Code § 335.1. The claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." <u>Id.</u> (quoting <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 992 (9th Cir. 1999)).

The parties disagree about the accrual date of plaintiff's claims. Defendants argue that plaintiff's claims are time-barred because he "[knew] or had reason to know" of Councilmember Perry's alleged discriminatory acts "no later than June 2017." Mot. at 20. Plaintiff counters that his claims did not accrue until June 2019 after his meeting with Councilmember Perry and the City's planning staff failed to produce an agreeable revised site plan for the Project. Opp. at 13. Plaintiff alleges that prior to this meeting, he was "unaware that Defendants were treating his Project differently from others similarly situated." <u>Id.</u> (citing Compl. ¶¶ 11, 15-16, 18-19).

Defendants contend that it is unreasonable for plaintiff to allege that it took him six years to discover this alleged misconduct by Councilmember Perry. Reply at. 5. Instead, defendants believe that plaintiff's action of hiring an attorney in June 2017 was a strong indication that "he should have known he was suffering the alleged injury." <u>Id.</u> at 6. Defendants also note that the other similarly situated project described by plaintiff, the Gateway Metro Apartments, was approved in 2014 and that information was "easily knowable" to plaintiff. <u>Id.</u> Taking plaintiff's allegations as true, the Court does not find plaintiff's claims are time-barred based on his June 2017 decision to hire an attorney and his failure to previously discover the approval of the Gateway Metro Apartments.

However, the Court still finds that plaintiff's claims are time-barred. Plaintiff alleges that he was unaware that his Project was being treated differently than other, similarly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

situated projects until 2019. Opp. at 13 (citing Compl. ¶¶ 11, 15-16, 18-19.) Curiously, plaintiff omits paragraph 17 in support of this statement. Paragraph 17 of the plaintiff's complaint alleges that on October 10, 2017, the City's Housing Element for 2014-2021, adopted by Resolution 23235 omitted his project and "*[g]laringly* [included] other similar high-density projects . . . allowing these projects to bypass critical city applications related to planning and zoning approvals. *By intentionally omitting Plaintiff's Project, and treating it differently from similarly-situated projects. . . .*" Compl. ¶ 17 (emphases added). Thus, after the City adopted Resolution 23235 on October 10, 2017 plaintiff either knew or had reason to know of the disparate treatment alleged. Because the instant lawsuit was not filed until October 25, 2019, outside of the applicable two-year limitation period, plaintiff's claims are time-barred.[1]

### C. Monell Claim

Because plaintiff's section 1983 claims brought against Councilmember Perry are time-barred, plaintiff's Monell claim against the City is also time-barred.

---

[1] At oral argument, plaintiff suggested the possibility that Carpinteria's interpretation of the "continuing violation" doctrine could potentially prevent his claims from being time-barred. This suggestion appears to be without merit. At the time the district court decided Carpinteria, the continuing violation doctrine was viable if the plaintiff could show a "series of related acts against one individual." Gutowsky v. County of Placer, 108 F.3d 256, 259 (9th Cir. 1997). However, as explained by the Ninth Circuit in Carpinteria, the Supreme Court subsequently invalidated the "related acts" method of establishing a continuing violation. Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003). Quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), the Carpinteria court held that "discrete discriminatory acts are not actionable if time barred even when they are related to acts alleged in timely filed charges." Id.

Thus, plaintiff's allegations concerning Councilmember Perry's ongoing interference would be time-barred under Carpinteria and Morgan. Plaintiff may amend to plead facts to overcome the statute of limitations if he can do so. Plaintiff may similarly plead facts showing that Resolution 23235 was not available to the public until after October 25, 2017 or was otherwise insufficient to put plaintiff on notice that his Project was being treated differently.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-02054-CAS(KKx) | Date | February 24, 2020 |
| Title | MOHAMED SEIRAFI v. CITY OF RIVERSIDE ET AL. | | |

///

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss. The Court **DISMISSES** plaintiff's claims **without prejudice**. Defendants' motion to strike plaintiff's prayer for punitive damages against the City is **DENIED as moot**. Defendants' requests for judicial notice are **DENIED as moot**. Plaintiff shall file an amended complaint within **thirty (30) days**.

IT IS SO ORDERED.

                            00 : 07
Initials of Preparer      CMJ